**EXHIBIT C**

**Superior Court Documents**

**Attachment #1**

**Cover Sheet for Plaintiff's Complaint**

**In the Superior Court of the State of Arizona**
**In and For the County of Maricopa**

## CV2013-003150

(Please Type or Print)

Plaintiff's Attorney _David Dow_

Attorney's Bar Number _007377_

MICHAEL K. JEANES, CLERK
BY _(signature)_  DEP

FILED

13 MAR 29 PH 4: 18

Is Interpreter Needed? ☐ Yes ☒ No
If yes, language type: _____
Attorney/Pro Per Signature _(signature)_
To the best of my knowledge, all information is true and correct.

Plaintiff's Name(s): (List all)

_Meghan Moses_

_____

_____

(List additional plaintiffs on page two and/or attach a separate sheet).

Plaintiff's Address:

_C/o David Dow_
_3104 E Camelback Rd #281_
_Phoenix, AZ 85016_

Defendant's Name(s): (List All)

_State of Arizona_

(List additional defendants on page two and/or attach a separate sheet).

EMERGENCY ORDER SOUGHT: ☐ Temporary Restraining Order ☐ Provisional Remedy ☐ OSC
☐ Election Challenge ☐ Employer Sanction ☐ Other _____

☒ RULE 8(i) COMPLEX LITIGATION DOES NOT APPLY. (Mark appropriate box under **Nature of Action**).

☐ RULE 8(i) COMPLEX LITIGATION APPLIES   Rule 8(i) of the Rules of Civil Procedure defines a "Complex Case" as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties. (Mark appropriate box on page two as to complexity, **in addition** to the Nature of Action case category).

### NATURE OF ACTION
(Place an "X" next to the **one** case category that most accurately describes your primary case.)

**100 TORT MOTOR VEHICLE:**
☐ 101 Non-Death/Personal Injury
☐ 102 Property Damage
☐ 103 Wrongful Death
**110 TORT NON-MOTOR VEHICLE:**
☒ 111 Negligence
☐ 112 Product Liability – Asbestos
☐ 112 Product Liability – Tobacco
☐ 112 Product Liability – Toxic/Other
☐ 113 Intentional Tort
☐ 114 Property Damage
☐ 115 Legal Malpractice
☐ 115 Malpractice – Other professional
☐ 117 Premises Liability
☐ 118 Slander/Libel/Defamation

☐ 116 Other (Specify) ~~XXXXXXXXXXXX~~
**120 MEDICAL MALPRACTICE:**
☐ 121 Physician M.D. ☐ 123 Hospital
☐ 122 Physician D.O ☐ 124 Other
**130 CONTRACTS:**
☐ 131 Account (Open or Stated)
☐ 132 Promissory Note
☐ 133 Foreclosure
☐ 138 Buyer-Plaintiff
☐ 139 Fraud
☐ 134 Other Contract (i.e. Breach of Contract)
☐ 135 Excess Proceeds - Sale
Construction Defects (Residential/Commercial)
☐ 136 Six to Nineteen Structures
☐ 137 Twenty or More Structures

September 1, 2011

1

**150-199  OTHER CIVIL CASE TYPES:**

☐ 156 Eminent Domain/Condemnation
☐ 151 Forcible Detainer
☐ 152 Change of Name
☐ 153 Transcript of Judgment
☐ 154 Foreign Judgment
☐ 158 Quiet Title
☐ 160 Forfeiture
☐ 175 Election Challenge
☐ 179 Employer Sanction Action (A.R.S. §23-212)
☐ 180 Injunction against Workplace Harassment
☐ 181 Injunction against Harassment
☐ 182 Civil Penalty
☐ 186 Water Rights (Not General Stream Adjudication)
☐ 187 Real Property
☐ Sexually Violent Persons (A.R.S. §36-3704)
　 (Except Maricopa County)
☐ Minor Abortion (See Juvenile in Maricopa County)
☐ Special Action Against Lower Courts
　 (See lower court appeal cover sheet in Maricopa)
☐ 194 Immigration Enforcement Challenge (§§1-501, 1-502, 11-1051)

**150-199  UNCLASSIFIED CIVIL CASE TYPES:**
☐ Administrative Review
　 (See lower court appeal cover sheet in Maricopa)
☐ 150 Tax Appeal (All other tax matters must be filed in the AZ Tax Court)

☐ 155 Declaratory Judgment
☐ 157 Habeas Corpus
☐ 184 Landlord Tenant Dispute - Other
☐ 159 Restoration of Civil Rights (Federal)
☐ 159 Clearance of Records (A.R.S. §13-4051)
☐ 190 Declaration of Factual Innocence(A.R.S.§12-771)
☐ 191 Declaration of Factual Improper Party Status
☐ 193 Vulnerable Adult (A.R.S. §46-451)
☐ 165 Tribal Judgment
☐ 167 Structured Settlement (A.R.S. §12-2901)
☐ 169 Attorney Conservatorships (State Bar)
☐ 170 Unauthorized Practice of Law (State Bar)
☐ 171 Out-of-State Deposition for Foreign Jurisdiction
☐ 172 Secure Attendance of Prisoner
☐ 173 Assurance of Discontinuance
☐ 174 In-State Deposition for Foreign Jurisdiction
☐ 176 Eminent Domain–Light Rail Only
☐ 177 Interpleader– Automobile Only
☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)
☐ 183 Employment Dispute - Discrimination
☐ 185 Employment Dispute - Other
☐ 195(a) Amendment for Marriage License
☐ 195(b) Amendment for Birth Certificate
☐ 163 Other _____
　　　　　　 (Specify)

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

☐ Antitrust/Trade Regulation
☐ Construction Defect with many parties or structures
☐ Mass Tort
☐ Securities Litigation with many parties
☐ Environmental Toxic Tort with many parties
☐ Class Action Claims
☐ Insurance Coverage Claims arising from the above-listed case types
☐ A Complex Case as defined by Rule 8(i) ARCP

Additional Plaintiff(s)

_____

_____

Additional Defendant(s)

*AZ Department of Corrections; Warden Judy Frigo; Hickman's Egg Ranch; ABC Corporations; XYZ Partnership; Sole Proprietorships 1-X; Black Limited Liability Co.; John Does 1-X; Jane Does I-X.*

September 1, 2011

2

**Attachment #2**

**Plaintiff's Complaint**

MICHAEL K. JEANES
Clerk of the Superior Court
By kim whitson, Deputy
Date 03/29/2013 Time 16:19:56

| Description | Amount |
|---|---|
| CASE# CV2013-003150 | |
| CIVIL NEW COMPLAINT | 309.00 |
| TOTAL AMOUNT | 309.00 |
| Receipt# 22872237 | |

David W. Dow, Esq. (SBN007377)
**THE LAW OFFICES OF DAVID W. DOW**
3104 E. Camelback Road #281
Phoenix, AZ 85016
(602) 550-2951
Ddowlaw1@gmail.com
Attorney for Plaintiff

1
2
3
4
5

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

6

## IN AND FOR THE COUNTY OF MARICOPA

7

8  MEGHAN MOSES, an individual,       )
9              Plaintiff,             )   Case No.: CV2013-003150
10         vs.                        )
11  THE STATE OF ARIZONA, a body politic,  )    **COMPLAINT**
12  THE ARIZONA DEPARTMENT OF          )   (TORT/NON-MOTOR VEHICLE;
    CORRECTIONS, a state agency, WARDEN )   42 U.S.C. 1983 VIOLATION)
13  JUDY FRIGO in her individual capacity as )
    Warden of ARIZONA WOMEN'S         )
14  CORRECTIONAL FACILITY-            )
    PERRYVILLE, and HICKMAN'S EGG     )
15  RANCH, an Arizona corporation, ABC )
16  CORPORATIONS I-X; XYZ             )
    PARTNERSHIPS and/or SOLE          )
17  PROPRIETORSHIPS I-X; BLACK        )
    LIMITED LIABILITY COMPANIES I-X;  )
18  JOHN DOES I-X and JANE DOES I-X,  )
19              Defendants            )
20

21      Plaintiff, by and through counsel undersigned, for her complaint hereby states and alleges

22  as follows:

23                               **PARTIES**

24      1. Plaintiff MEGHAN MOSES ("Plaintiff") is an individual and at all times material hereto,

25  has been a resident of Maricopa County, Arizona.

26

- 1 -

2. Defendant THE STATE OF ARIZONA, ("State"), is a state body and employer of Defendant ARIZONA STATE DEPARTMENT OF CORRECTIONS, ARIZONA STATE CORRECTIONAL FACILITY- PERRYVILLE, Defendant WARDEN JUDY FRIGO, Warden of The Arizona Department of Correctional Facility- Perryville, and Defendant HICKMAN'S EGG RANCH.

3. Defendant **WARDEN JUDY FRIGO** ("Warden"), is an employee of Defendant THE STATE OF ARIZONA. As Warden of the ARIZONA STATE DEPARTMENT OF CORRECTIONS, ARIZONA STATE CORRECTIONAL FACILITY- PERRYVILLE, Defendant Warden Frigo was responsible for the administration, operation, maintenance, procedures and functions of the Arizona Department of Corrections, Perryville Women's Correctional Facility, the implementation of policies and procedures, the training and supervision of personnel and inmates, including Plaintiff MEGHAN MOSES.

4. Defendant HICKMAN'S EGG RANCH, ("Ranch") is a corporation organized and existing under the laws of the State of Arizona.

5. Defendants ABC CORPORATIONS I-X; XYZ PARTNERSHIPS; BLACK LIMITED LIABILITY COMPANIES I-X; and/or SOLE PROPRIETORSHIPS I-X are entities doing business in Maricopa County, Arizona; Defendants JOHN DOES I-X and JANE DOES I-X are individuals and/or marital communities. Alternatively, ABC CORPORATIONS are corporations whose place of incorporation and residency are unknown to Plaintiff at the present time, doing business in Arizona and/or which caused an event to occur in the state of Arizona. In this regard, Plaintiff requests leave of Court to supply the correct names of ABC CORPORATIONS I-X; XYZ PARTNERSHIPS and/or SOLE PROPRIETORSHIPS I-X and JOHN DOES I-X and JANE DOES I-X, when such information becomes known to Plaintiff. Plaintiff is informed and believes these entities and/or persons may be liable to Plaintiff.

- 2 -

6. At all times relevant hereto, Plaintiff was an inmate in the Maricopa County Jail, and was encouraged to participate in a contract work program conducted jointly by Defendants. Plaintiff was required to perform physical labor at the factory of Defendant Hickman's Egg Ranch (hereinafter Hickman) under circumstances over which she had no control, and was required to meet unreasonable production standards on unsafe equipment and under unsafe conditions, which were well known to Defendants. Plaintiff was required by Defendants, and instructed to "unjam" equipment by inserting her hands into the works of the machinery to retrieve product which was stuck in said equipment. Additionally, the equipment was defective in that there were inadequate warning labels and no protective guards or other protections for worker safety.

## JURISDICTION AND VENUE

7. The amount in controversy exceeds the jurisdiction threshold of this Court.

8. This incident occurred in Maricopa County, Arizona. As such, this Court has jurisdiction and the venue is appropriate.

9. Plaintiff timely filed a Notice of Claim pursuant to A.R.S. §12-821.01. No response was received and therefore the claim is deemed denied.

## GENERAL ALLEGATIONS AND FACTUAL BACKGROUND

10. At all times relevant hereto, Plaintiff Meghan Moses was in custody of the Arizona Department of Corrections, Perryville Women's Correctional Facility ("ADOC Perryville").

11. On or about April 16, 2012, while in custody of the ADOC Perryville, Plaintiff was given instruction to operate an egg machine ("Egg Machine 1") at Hickman's Egg Ranch.

12. At said place and said time, Plaintiff was instructed to use her hand to reach in and pull out an egg from Egg Machine 1 if an egg became jammed.

13. At said place and said time, Plaintiff was switched to a different machine ("The Diamond Liquid Egg Machine") without further direction or instruction of how to operate The Diamond Liquid Egg Machine.

- 3 -

14. At said place and said time, as directed and instructed previously, Plaintiff used her hand to pull a jammed egg out of The Diamond Liquid Egg Machine.

15. At said place and said time, Plaintiff's hand was mutilated and injured while operating The Diamond Liquid Egg Machine.

16. At said place and said time, Plaintiff was taken to her supervisor, and was made to wait approximately one and a half to two hours (1.5 – 2) before medical transport came for her.

17. At said place and said time, Plaintiff was taken to St. Luke's Hospital where she was provided surgery to repair her hand.  Plaintiff was kept overnight and was returned to ADOC Perryville the next day.

18. Despite instruction from the hand physician, Plaintiff never received any necessary physical therapy from ADOC Perryville to repair the damage to Plaintiff's hand.

19. As a direct and proximate result of Defendants' negligence, which arose from Defendants' failure to properly instruct and direct Plaintiff to use The Diamond Liquid Egg Machine as well as Defendants' failure to provide adequate and restorative treatment of Plaintiff's injured hand, Plaintiff sustained personal injuries which caused Plaintiff pain, suffering, distress, mental and emotional anguish and anxiety and a general decrease in the quality of life.  At the time of filing this complaint, Plaintiff's doctor has determined with certainty that her hand injuries will be permanent in nature.  Such damages in relation to the extent of Plaintiff's permanent injuries will be proven at the time of trial in this matter.

20. As a further direct and proximate result of Defendants' negligence and actions described below, Plaintiff incurred, and will continue to incur, expenses for medical and/or other treatment. The specific amount of these items of damage is to be determined at the time of trial.

## COUNT I
### (NEGLIGENCE- MEDICAL TREATMENT)

21. Plaintiff hereby incorporates all other paragraphs and allegations set forth herein.

– 4 –

1    22. Defendants owed a duty to provide Plaintiff adequate medical care arising from their

2    positions as custodians of Plaintiff, and Defendants breached that duty by failing to provide

3    adequate medical care to Plaintiff. As a direct and proximate result of the unreasonable breach of

4    Defendants' duty to provide Plaintiff with adequate medical care, Plaintiff has sustained injuries

5    which have caused her to suffer great pain and injured her general health, have caused her to rely

6    on her own finances and support structure for future medical treatment for future treatment and

7    rehabilitative exercises, which have caused her to expect future medical bills and physical

8    therapy in amounts to be determined at trial of this matter, and Plaintiff now has a prospect of a

9    permanent injury due to Defendants' failure to provide for necessary follow up treatment.

10   Defendants are liable to Plaintiff for negligence.

11   23. Under A.R.S. §31-201.01 (L), the State of Arizona is responsible for serious physical

12   injury due to claims against officials in their official capacity. As to negligence, Plaintiff alleges

13   that employees of the State of Arizona and Department of Corrections were negligent in their

14   supervision and placement of Plaintiff in the work program. Plaintiff suffered a serious injury.

15

16   **COUNT II**

17   **(NEGLIGENCE- PROPER INSTRUCTION)**

18   24. Plaintiff hereby incorporates all other paragraphs and allegations set forth herein.

19   25. Defendants owed a duty to provide Plaintiff adequate medical care arising from their

20   positions as custodians of Plaintiff, and Defendants breached that duty by failing to provide

21   adequate medical care to Plaintiff. As a direct and proximate result of the unreasonable breach of

22   Defendants' duty to provide Plaintiff with proper direction and instruction to operate The

23   Diamond Liquid Egg Machine, Plaintiff has sustained injuries which have caused her to suffer

24   great pain and injured her general health, have caused her to rely on her own finances and

25   support structure for future medical treatment for future treatment and rehabilitative exercises,

26   which have caused her to expect future medical bills and physical therapy in amounts to be

- 5 -

1    determined at trial of this matter, and Plaintiff now has a prospect of a permanent injury due to
2    Defendants' failure to provide for necessary follow up treatment. Defendants are liable to
3    Plaintiff for negligence.

4         26. Under A.R.S. §31-201.01 (L), the State of Arizona is responsible for serious physical
5    injury due to claims against officials in their official capacity. As to negligence, Plaintiff alleges
6    that employees of the State of Arizona and Department of Corrections were negligent in their
7    supervision and placement of Plaintiff in the work program. Plaintiff suffered a serious injury.

8                                    **COUNT III**

9                          **NEGLIGENT SUPERVISION**

10        27. Plaintiff hereby incorporates all other paragraphs and allegations set forth herein.

11        28. Defendants knew or should have known that the machinery and/or the instructions given
12    were insufficient to provide a safe working environment and the failure to supervise the people
13    training or supervising Plaintiff caused injury to the Plaintiff.

14

15                                   **COUNT IV**

16          **(NEGLIGENCE- MANUFACTURER'S DESIGN AND LACK OF WARNINGS)**

17        29. Plaintiff hereby incorporates all other paragraphs and allegations set forth herein.

18        30. Defendants failed to reasonably design The Diamond Liquid Egg Machine that mutilated
19    and injured Plaintiff's hand in a way that would allow the operator of the machine work the
20    machine without harm. In addition, Defendants failed to provide adequate warnings to the
21    operator of The Diamond Liquid Egg Machine that would give reasonable notice to an operator
22    of the machine of the possible dangers and risks associated with working the machine, and to
23    warn them of possible dangers when operating the machine.

24        31. As a direct and proximate cause of the breach of the duty owed to Plaintiff from failing to
25    design the machine properly, and from failing to provide adequate warnings of the dangers and
26    risks associated with working the machine, Plaintiff has sustained injuries which have caused her

                                   - 6 -

1   to suffer great pain and injured her general health, have caused her to rely on her own finances

2   and support structure for future medical treatment for future treatment and rehabilitative

3   exercises, which have caused her to expect future medical bills and physical therapy in amounts

4   to be determined at trial of this matter, and Plaintiff now has a prospect of a permanent injury

5   due to Defendants' failure to provide for necessary follow up treatment. Defendants are liable to

6   Plaintiff for negligence.

7

8                                       **COUNT IV**

9                                     **(42 U.S.C. 1983)**

10      32. Plaintiff hereby incorporates all other paragraphs and allegations set forth herein.

11      33. Defendants' action violated Plaintiff's Eighth Amendment rights under the Constitution

12   of the United States, as protected under 42 U.S.C. 1983. Defendants subjected Plaintiff to the

13   deprivation of her right to follow up treatment secured by the Constitution and laws of the United

14   States, because Defendants knew of the substantial risk of serious harm that could result to

15   Plaintiff if she did not receive follow up treatment, and Defendants made a deliberative choice

16   not to provide her with follow up treatment. This abuse of power was clearly the proximate

17   cause of Plaintiff's resulting injuries.

18      34. Defendants State of Arizona, Arizona Department of Corrections and Frigo acted under

19   color of state law and caused a federal constitutional violation. The Defendant Frigo is liable for

20   constitutional violations of her subordinates because she participated in or directed the

21   violations, or knew of the violations and with deliberate indifference failed to act to prevent

22   them.

23      35. As a direct and proximate cause of the Defendants' deliberative indifference to the

24   substantial risk of serious harm that might result to Plaintiff from withholding follow up

25   treatment, Plaintiff has sustained injuries which have caused her to suffer great pain and injured

26   her general health, have caused her to rely on her own finances and support structure for future

                                         - 7 -

medical treatment for future treatment and rehabilitative exercises, which have caused her to expect future medical bills and physical therapy in amounts to be determined at trial of this matter, and Plaintiff now has a prospect of a permanent injury due to Defendants' failure to provide for necessary follow up treatment. Defendants are liable to Plaintiff for violating her Eight Amendment rights under 42 U.S.C. 1983.

36. Plaintiff will seek leave of the Court to amend this Complaint at such times as Plaintiff discovers other acts or omissions of Defendants constituting a deprivation of Plaintiff's Constitutional rights under 42 U.S.C. 1983.

37. The allegations set out above are reasserted and incorporated herein by reference.

38. At all times relevant hereto, Plaintiff was required by Defendants to place her hands into the equipment to retrieve jammed product in a "Diamond Egg" machine, which equipment was defective and unreasonable dangerous in its' design and by lack of warning labels, which defective condition was the proximate cause of Plaintiff's injury described below.

**COUNT V**
**NEGLIGENT HIRING OR SUPERVISION**

39. The allegations set out above are reasserted and incorporated by reference.

40. At all times relevant hereto, Defendants jointly conducted an activity through agents and servants and are subject to liability in that they were negligent and reckless in giving improper instructions or failing to make proper regulations, employed improper persons or instrumentalities in work risking harm to Plaintiff, failed to properly supervise the dangerous activities they conducted, and permitted or failed to prevent negligent conduct by persons upon the premises or with instrumentalities under their control.

- 8 -

**COUNT VI**

**(PUNITIVE DAMAGES)**

41. Plaintiff hereby incorporates all other paragraphs and allegations set forth herein.

42. As a direct and proximate result of Defendants unreasonable breach of the duty to provide Plaintiff with follow up medical treatment and deliberative indifference to the substantial risk that serious harm might result to Plaintiff from withholding follow up treatment, as well as the negligent, careless, willful, wanton and malicious conduct by the Defendants, Plaintiff has incurred severe mental anguish, aggravation, physical pain and suffering, and loss of enjoyment of life. The conduct of Defendants was willful, wanton, malicious and done with such an evil mind that an award of punitive damages is appropriate.

43. Plaintiff will seek leave of the Court to amend this Complaint at such times as Plaintiff discovers other acts or omissions of Defendants giving rise to punitive damages.

**COUNT VII**

**(ATTORNEYS' FEES)**

44. Plaintiff hereby incorporates all other paragraphs and allegations set forth herein.

45. As the prevailing party Plaintiff is entitled to recover an award of reasonable costs and attorney fees because no special circumstance would render such an award unjust.

46. Plaintiff will seek leave of the Court to amend this Complaint at such times as Plaintiff discovers other acts or omissions of Defendants giving rise to an award of attorney fees.

    **WHEREFORE**, having fully set forth her claims, Plaintiff prays for judgment against Defendants and each of them as follows:

    a. For all sums representing costs of medical expenses and other special expenses incurred by Plaintiff, MEGHAN MOSES, as a result of the injuries sustained;

- 9 -

b. For general damages to be awarded to the Plaintiff, MEGHAN MOSES, for the physical and mental pain, suffering and anguish and humiliation suffered, in a fair and equitable amount to be determined at trial;

c. For an award of punitive damages;

d. For an award of Plaintiff, MEGHAN MOSES's reasonable attorneys' fees incurred herein;

e. For an award of Plaintiff, MEGHAN MOSES's costs incurred in pursuing this matter;

f. For attorney's fees pursuant to 42 U.S.C. §1988; and

g. For such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 29th day of March, 2013.

THE LAW OFFICES OF DAVID W. DOW

By: _____

David W. Dow
3104 E. Camelback Road #281
Phoenix, AZ 85016
*Attorney for Plaintiff*

- 10 -

**Attachment #3**

**Certificate on Compulsory Arbitration**

MICHAEL K. JEANES, CLERK
BY _____ DEP.
FILED

13 MAR 29 PM 4: 20

1   David W. Dow, Esq. (SBN007377)
    THE LAW OFFICES OF DAVID W. DOW
2   3104 E. Camelback Road #281
    Phoenix, AZ 85016
3   (602) 550-2951
    Ddowlaw1@gmail.com
4   Attorney for Plaintiff

5

6                   IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

7                      IN AND FOR THE COUNTY OF MARICOPA

8

9   MEGHAN MOSES, an individual,

10              Plaintiff,                    No.   CV2013-003150

11      vs.

12  THE STATE OF ARIZONA, a body politic,     CERTIFICATE OF ARBITRATION
    THE ARIZONA DEPARTMENT OF COR-
13  RECTIONS, a state agency, WARDEN JUDY
    FRIGO in her individual capacity as Warden
14  of ARIZONA WOMEN'S CORRECTIONAL
    FACILITY- PERRYVILLE, and HICK-
15  MAN'S EGG RANCH, an Arizona corpora-
    tion, ABC CORPORATIONS I-X; XYZ
16  PARTNERSHIPS and/or SOLE PROPRIE-
    TORSHIPS I-X; BLACK LIMITED LI-
17  ABILITY COMPANIES I-X; JOHN DOES I-
    X and JANE DOES I-X,
18
19              Defendants

20

21

22          This undersigned asserts that the Complaint served by Plaintiffs seek relief that **DOES**

23  exceed the limits set by the Rules for Compulsory Arbitration, Arizona Rules of Civil Procedure,

24  and therefore this matter **IS NOT** subject to compulsory arbitration pursuant to Rule 72, Arizona

    Rules of Civil Procedure.

25

26

27                  DATED this 29th day of March, 2013.

The Law Offices of David W. Dow                                    Page 1 of 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27



David W. Dow

**Attachment #4**

**Affidavit of Service and Summons for**

**STATE OF ARIZONA**

MICHAEL K. JEANES, CLERK
RECEIVED CCC #6
DOCUMENT DEPOSITORY

13 APR -4  PH 1: 47

E-Z MESSENGER
2502 N. Black Canyon Hwy.
Phoenix, AZ 85009-1818
(602) 258-8081  FAX: (602) 258-8864

**FILED**
**BY M. MEJIA, DEP.**

IN THE ARIZONA SUPERIOR COURT
STATE OF ARIZONA COUNTY OF MARICOPA

MEGAN MOSES, AN INDIVIDUAL                    CASE NO. CV2013-003150
            VS
THE STATE OF ARIZONA                          HEARING DATE: 04/01/13 @ am

STATE OF ARIZONA                    )          AFFIDAVIT OF SERVICE
MARICOPA COUNTY                     )
THE AFFIANT, being sworn, states: That I am a private process server registered in
MARICOPA COUNTY and an Officer of the Court.  On 03/29/13 I received the SUMMONS;
COMPLAINT; CERTIFICATE OF ARBITRATION

from DAVID W. DOW and by DAVID W. DOW in each instance I personally served a copy
of each document listed above upon:
STATE OF ARIZONA, A BODY POLITIC, BY SERVICE UPON THE ATTORNEY GENERAL on 04/01/13
at 10:18 am at 1275 W. WASHINGTON ST PHOENIX, AZ 85007 MARICOPA COUNTY in the
manner shown below:

by leaving true copy(ies) of the above documents with LISA FISCHER, RECEPTIONIST,
STATED AUTHORIZED TO ACCEPT.

Description: WHITE, Female, Approx. 50 yrs. of age, 5' 6" tall, Weighing 150lbs.,
BROWN Eyes, GRAY Hair,

ROBERT LYONS                              Affiant
Sworn to before me the   Apr  1, 2013

Angelina M. Robles                        Notary

My Commission expires:  04/28/2013

| | | |
|---|---|---|
| SERVICE OF PROCESS | $ | 16.00 |
| MILES            2 | $ | 16.00 |
| SERVICE CHARGE | $ | 8.00 |
| AFFIDAVIT PREP/NOTARY | $ | 10.00 |
| TOTAL | $ | 50.00 |

2294217 20249
ORIGINAL

OFFICIAL SEAL
ANGELINA M. ROBLES
NOTARY PUBLIC-ARIZONA
MARICOPA COUNTY
My Comm Exp April 28, 2013

1 | David W. Dow, Esq. (SBN007377)
**THE LAW OFFICES OF DAVID W. DOW**
2 | 3104 E. Camelback Road #281
Phoenix, AZ 85016
3 | (602) 550-2951
Ddowlaw1@gmail.com
4 | Attorney for Plaintiff

MICHAEL K. JEANES, CLERK
RECEIVED CCC #6
DOCUMENT REPOSITORY

13 APR -4 PM 1: 48

**FILED**
BY M. MEJIA, DEP.

ORIGINAL

5

6 **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

7

8 **IN AND FOR THE COUNTY OF MARICOPA**

9 | MEGHAN MOSES, an individual,

No. CV2013-003150

10 |          Plaintiff,

11 | vs.

12 | THE STATE OF ARIZONA, a body politic,

**SUMMONS**

13 | THE ARIZONA DEPARTMENT OF COR-
RECTIONS, a state agency, WARDEN JUDY
14 | FRIGO in her individual capacity as Warden
of ARIZONA WOMEN'S CORRECTIONAL
15 | FACILITY- PERRYVILLE, and HICK-
MAN'S EGG RANCH, an Arizona corpora-
16 | tion, ABC CORPORATIONS I-X; XYZ
PARTNERSHIPS and/or SOLE PROPRIE-
17 | TORSHIPS I-X; BLACK LIMITED LI-
ABILITY COMPANIES I-X; JOHN DOES I-
18 | X and JANE DOES I-X,

IF YOU WANT THE ADVICE OF A
LAWYER, YOU MAY WISH TO CONTACT
THE LAWYER REFERRAL SERVICE AT
602-257-4434 OR ON-LINE AT
WWW.LAWYERFINDERS.ORG. LRS IS
SPONSORED BY THE MARICOPA
COUNTY BAR ASSOCIATION

19

20 |          Defendants

21

22 | WARNING: This is an official document from the court that affects your rights.  Read this carefully.
If you do not understand it, contact a lawyer for help.

23

24 | **FROM THE STATE OF ARIZONA TO:   The State of Arizona**
Arizona Attorney General Tom Horne
25 | 1275 West Washington Street
Phoenix, Arizona 85007

26

27

The Law Offices of David W. Dow

Page 1 of 2

MICHAEL K. JEANES, CLERK

1   SIGNED AND SEALED this date . MAR 2 9 2013

2                              MICHAEL JEANES, CLERK OF COURT

3

4   By _____  K. WHITSON

5       Deputy Clerk

6   If you do not want a judgment or order taken against you without your input, you must file an
     "Answer" or a "Response" in writing with the court, and pay the filing fee. If you do not file
7   an "Answer" or "Response" the other party may be given the relief requested in his/her Peti-
     tion or Complaint.  To file your "Answer" or "Response" take, or send, the "Answer" or "Re-
8   sponse" to the Office of the Clerk of the Superior Court, 201 West Jefferson Street, Phoenix,
     Arizona 85003-2205 or Office of the Clerk of the Superior Court, 18380 North 40th Street,
9   Phoenix, Arizona 85032 OR Office of the Clerk of Superior Court,  222 East Javelina Drive,
     Mesa, Arizona  85210-6201 or
10  Office of the Clerk of Superior Court, 14264 West Tierra Buena Lane, Surprise, Arizona,
    85374.  Mail a copy of your "Response" or "Answer" to the other party at the address listed
11  on the top of this Summons.

12  1.  A lawsuit has been filed against you.  A copy of the lawsuit and other court papers are
        served on you with this "Summons".

13  2.  If you do not want a judgment or order taken against you without your input, you must file
        an "Answer" or a "Response" in writing with the court, and pay the filing fee. If you do not file
14      an "Answer" or "Response" the other party may be given the relief requested in his/her Peti-
        tion or Complaint.  To file your "Answer" or "Response" take, or send, the "Answer" or "Re-
15      sponse" to the Office of the Clerk of the Superior Court, 201 West Jefferson Street, Phoenix,
        Arizona 85003-2205 or Office of the Clerk of the Superior Court, 18380 North 40th Street,
16      Phoenix, Arizona 85032 OR Office of the Clerk of Superior Court,  222 East Javelina Drive,
        Mesa, Arizona  85210-6201 or
17      Office of the Clerk of Superior Court, 14264 West Tierra Buena Lane, Surprise, Arizona,
        85374.  Mail a copy of your "Response" or "Answer" to the other party at the address listed
        on the top of this Summons.

18  3.  If this "Summons" and the other court papers were served on you by a registered process
        server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed
19      within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day
        you were served.  If this "Summons" and the other papers were served on you by a regis-
20      tered process server or the Sheriff, outside the State of Arizona, your Response must be filed
        within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day
21      you were served. Service by a registered process server or the Sheriff is complete when
        made. Service by Publication is complete thirty (30) days after the date of the first publica-
        tion.

22  4.  You can get a copy of the court papers filed in this case from the Petitioner at the address at
        the top of this paper, or from the Clerk of the Superior Court's Customer Service Center at 601
23      West Jackson, Phoenix, Arizona 85003 or at 222 East Javelina Drive, Mesa, Arizona 85210.

24  5   If this is an action for dissolution (divorce), legal separation or annulment, either or both
        spouses may file a Petition for Conciliation for the purpose of determining whether there is
25      any mutual interest in  preserving the marriage or for Mediation to attempt to settle disputes
        concerning custody and parenting time issues regarding  minor children.

26  6.  Requests for reasonable accommodation for persons with disabilities must be made to the
        office of the judge or commissioner assigned to the case, at least ten (10) days before your
27      scheduled court date.

The Law Offices of David W. Dow                                 Page 2 of 2

**Attachment #5**

**Affidavit of Service and Summons for**

**ARIZONA DEPARTMENT OF CORRECTIONS**

MICHAEL K. JEANES, CLERK
RECEIVED CCC #6
DOCUMENT DEPOSITORY

13 APR -4 PH 1:48

E-Z MESSENGER
2502 N. Black Canyon Hwy.
Phoenix, AZ 85009-1818
(602) 258-8081  FAX: (602) 258-8864

**FILED**
**BY M. MEJIA, DEP.**

IN THE ARIZONA SUPERIOR COURT
STATE OF ARIZONA COUNTY OF MARICOPA

**MEGAN MOSES, AN INDIVIDUAL**                       CASE NO. CV2013-003150
                VS
**THE STATE OF ARIZONA**

STATE OF ARIZONA                     )              AFFIDAVIT OF SERVICE
MARICOPA COUNTY                      )
THE AFFIANT, being sworn, states: That I am a private process server registered in
MARICOPA COUNTY and an Officer of the Court.  On 03/29/13 I received the SUMMONS;
COMPLAINT; CERTIFICATE OF ARBITRATION

from DAVID W. DOW and by in each instance I personally served a copy of each
document listed above upon:
THE ARIZONA DEPARTMENT OF CORRECTIONS, A STATE AGENCY on 04/01/13 at 10:43 am at
1601 W. JEFFERSON PHOENIX, AZ 85507 MARICOPA COUNTY in the manner shown below:

by leaving true copy(ies) of the above documents with KELLY DUDLEY, ATTORNEY
GENERAL LIAISON, STATED AUTHORIZED TO ACCEPT.

Description: WHITE, Male, Approx. 50 yrs. of age, 6' 2" tall, Weighing 180lbs.,
BROWN Eyes, BROWN Hair,

ROBERT LYONS                              Affiant
Sworn to before me the ___Apr  2, 2013___

Angelina M. Robles                        Notary

| | | |
|---|---|---|
| SERVICE OF PROCESS $ | 16.00 | |
| MILES        3     $ | 16.00 | |
| SERVICE CHARGE      $ |  8.00 | |
| AFFIDAVIT PREP/NOTARY $ | 10.00 | |
| TOTAL $ | 50.00 | |

My Commission expires: ___04/28/2013___

AX022294208

2294208 20249
ORIGINAL

**OFFICIAL SEAL**
**ANGELINA M. ROBLES**
NOTARY PUBLIC-ARIZONA
**MARICOPA COUNTY**
My Comm. Exp. April 28, 2013



1  David W. Dow, Esq. (SBN007377)
   THE LAW OFFICES OF DAVID W. DOW
2  3104 E. Camelback Road #281
   Phoenix, AZ 85016
3  (602) 550-2951
   Ddowlaw1@gmail.com
4  Attorney for Plaintiff

MICHAEL K. JEANES, CLERK
RECEIVED CCC #3
DOCUMENT DEPOSITORY

13 APR -4 PM 1:48

**ORIGINAL**

FILED
BY M. MEJIA, DEP.

6

7  **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

8  **IN AND FOR THE COUNTY OF MARICOPA**

9  MEGHAN MOSES, an individual,                     No. *CV2013-003150*

10              Plaintiff,

11      vs.

12  THE STATE OF ARIZONA, a body politic,           **SUMMONS**
    THE ARIZONA DEPARTMENT OF COR-
13  RECTIONS, a state agency, WARDEN JUDY
    FRIGO in her individual capacity as Warden
14  of ARIZONA WOMEN'S CORRECTIONAL
    FACILITY- PERRYVILLE, and HICK-          IF YOU WANT THE ADVICE OF A
15  MAN'S EGG RANCH, an Arizona corpora-     LAWYER, YOU MAY WISH TO CONTACT
                                             THE LAWYER REFERRAL SERVICE AT
16  tion, ABC CORPORATIONS I-X; XYZ          602-257-4434 OR ON-LINE AT
    PARTNERSHIPS and/or SOLE PROPRIE-        WWW.LAWYERFINDERS.ORG. LRS IS
17  TORSHIPS I-X; BLACK LIMITED LI-          SPONSORED BY THE MARICOPA
                                             COUNTY BAR ASSOCIATION
18  ABILITY COMPANIES I-X; JOHN DOES I-
    X and JANE DOES I-X,
19
20              Defendants

21

22  ┌─────────────────────────────────────────────────────────────┐
    │ WARNING: This is an official document from the court that affects your rights.  Read this carefully. │
23  │  If you do not understand it, contact a lawyer for help.      │
    └─────────────────────────────────────────────────────────────┘

24  **FROM THE STATE OF ARIZONA TO:** The Arizona Department of Corrections
25                            Public Access Department
                              1601 W. Jefferson
26                            Phoenix, Arizona 85507

27

The Law Offices of David W. Dow                                    Page 1 of 2

1

2  SIGNED AND SEALED this date        MAR 2 9 2013        MICHAEL K. JEANES, CLERK

3                                     MICHAEL JEANES, CLERK OF COURT

4        [signature]              K. WHITSON

5  By
   Deputy Clerk

6

7  If you do not want a judgment or order taken against you without your input, you must file an
   *"Answer"* or a *"Response"* in writing with the court, and pay the filing fee. If you do not file

8  an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Peti-
   tion or Complaint. To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Re-
   sponse"* to the Office of the Clerk of the Superior Court, 201 West Jefferson Street, Phoenix,

9  Arizona 85003-2205 or Office of the Clerk of the Superior Court, 18380 North 40th Street,
   Phoenix, Arizona 85032 OR Office of the Clerk of Superior Court, 222 East Javelina Drive,
   Mesa, Arizona  85210-6201 or

10 Office of the Clerk of Superior Court, 14264 West Tierra Buena Lane, Surprise, Arizona,
   85374.  Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed

11 on the top of this Summons.

12 1.  A lawsuit has been filed against you.  A copy of the lawsuit and other court papers are
       served on you with this *"Summons"*.

13 2.  If you do not want a judgment or order taken against you without your input, you must file an
       *"Answer"* or a *"Response"* in writing with the court, and pay the filing fee. If you do not file

14     an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Peti-
       tion or Complaint. To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Re-

15     sponse"* to the Office of the Clerk of the Superior Court, 201 West Jefferson Street, Phoenix,
       Arizona 85003-2205 or Office of the Clerk of the Superior Court, 18380 North 40th Street,
       Phoenix, Arizona 85032 OR Office of the Clerk of Superior Court, 222 East Javelina Drive,

16     Mesa, Arizona  85210-6201 or
       Office of the Clerk of Superior Court, 14264 West Tierra Buena Lane, Surprise, Arizona,

17     85374.  Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed
       on the top of this Summons.

18 3.  If this *"Summons"* and the other court papers were served on you by a registered process

19     server or the Sheriff, within the State of Arizona, your *"Response"* or *"Answer"* must be filed
       within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day

20     you were served.  If this *"Summons"* and the other papers were served on you by a regis-
       tered process server or the Sheriff outside the State of Arizona, your Response must be filed

21     within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day
       you were served. Service by a registered process server or the Sheriff is complete when
       made. Service by Publication is complete thirty (30) days after the date of the first publica-

22     tion.

23 4.  You can get a copy of the court papers filed in this case from the Petitioner at the address at
       the top of this paper, or from the Clerk of the Superior Court's Customer Service Center at 601

24     West Jackson, Phoenix, Arizona 85003 or at 222 East Javelina Drive, Mesa, Arizona 85210.

25 5   If this is an action for dissolution (divorce), legal separation or annulment, either or both
       spouses may file a *Petition for Conciliation* for the purpose of determining whether there is

26     any mutual interest in  preserving the marriage or for Mediation to attempt to settle disputes
       concerning custody and parenting time issues regarding  minor children.

27 6.  Requests for reasonable accommodation for persons with disabilities must be made to the
       office of the judge or commissioner assigned to the case, at least ten (10) days before your
       scheduled court date.

The Law Offices of David W. Dow                                              Page 2 of 2

**Attachment #6**

**Affidavit of Service and Summons for**

**HICKMAN'S EGG RANCH**

MICHAEL K. JEANES,CLERK
RECEIVED CCC #6
DOCUMENT DEPOSITORY

13 APR -4 PM 1:48

E-Z MESSENGER
2502 N. Black Canyon Hwy.
Phoenix, AZ 85009-1818
(602) 258-8081  FAX: (602) 258-8864

**FILED**
**BY M. MEJIA, DEP.**

IN THE ARIZONA SUPERIOR COURT
STATE OF ARIZONA COUNTY OF MARICOPA

**MEGHAN MOSES, AN INDIVIDUAL**                          CASE NO. CV2013-003150
            VS
**THE STATE OF ARIZONA A BODY POLITIC**

---

STATE OF ARIZONA                    )                  AFFIDAVIT OF SERVICE
MARICOPA COUNTY                     )
THE AFFIANT, being sworn, states: That I am a private process server registered in
MARICOPA COUNTY and an Officer of the Court.  On 03/29/13 I received the SUMMONS;
COMPLAINT; CERTIFICATE OF ARBITRATION

from DAVID W. DOW and by in each instance I personally served a copy of each
document listed above upon:
HICKMAN'S EGG RANCH, WHOSE TRUE NAME IS HICKMAN'S EGG RANCH, INC., AN ARIZONA
CORPORATION, BY SERVICE UPON ITS STATUTORY AGENT ITS STATUTORY AGENT, BRYAN F.
MYRPHY on 04/01/13 at 2:50 pm at 702 E. OSBORN RD., #200 PHOENIX, AZ 85014 MARICOPA
COUNTY in the manner shown below:

by leaving true copy(ies) of the above documents with BRYAN F. MYRPHY, STATUTORY
AGENT, STATED AUTHORIZED TO ACCEPT.

Description: WHITE, Male, Approx. 65 yrs. of age, 5' 8" tall, Weighing 170lbs.,
BROWN Eyes, BROWN Hair,

DON A. FOUTZ, ACPS                    Affiant
Sworn to before me the  Apr  3, 2013

Angelina M. Robles                    Notary

|                              |   |        |
|------------------------------|---|--------|
| SERVICE OF PROCESS           | $ | 16.00  |
| MILES          5             | $ | 16.00  |
| SERVICE CHARGE               | $ | 8.00   |
| AFFIDAVIT PREP/NOTARY        | $ | 10.00  |
| TOTAL                        | $ | 50.00  |

My Commission expires:  04/28/2013

AX02294215
2294215 20249
ORIGINAL      OFFICIAL

ANGELINA M. ROBLES
NOTARY PUBLIC-ARIZONA
MARICOPA COUNTY
My Comm. Exp. April 28, 2013



1  David W. Dow, Esq. (SBN007377)
   **THE LAW OFFICES OF DAVID W. DOW**
2  3104 E. Camelback Road #281
   Phoenix, AZ 85016
3  (602) 550-2951
   Ddowlaw1@gmail.com
4  Attorney for Plaintiff

MICHAEL K. JEANES, CLERK
RECEIVED CCC #3
DOCUMENT REPOSITORY

13 APR -4  PM 1: 48

**ORIGINAL**

FILED
BY M. MEJIA, DEP.

6

7  IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

8  IN AND FOR THE COUNTY OF MARICOPA

9  MEGHAN MOSES, an individual,          No. CV2013-003150

10          Plaintiff,

11     vs.

12  THE STATE OF ARIZONA, a body politic,          **SUMMONS**
   THE ARIZONA DEPARTMENT OF COR-
13  RECTIONS, a state agency, WARDEN JUDY
   FRIGO in her individual capacity as Warden
14  of ARIZONA WOMEN'S CORRECTIONAL
   FACILITY- PERRYVILLE, and HICK-          IF YOU WANT THE ADVICE OF A
15  MAN'S EGG RANCH, an Arizona corpora-          LAWYER, YOU MAY WISH TO CONTACT
   tion, ABC CORPORATIONS I-X; XYZ          THE LAWYER REFERRAL SERVICE AT
16  PARTNERSHIPS and/or SOLE PROPRIE-          602-257-4434 OR ON-LINE AT
   TORSHIPS I-X; BLACK LIMITED LI-          WWW.LAWYERFINDERS.ORG. LRS IS
17  ABILITY COMPANIES I-X; JOHN DOES I-          SPONSORED BY THE MARICOPA
   X and JANE DOES I-X,          COUNTY BAR ASSOCIATION
18

19

20          Defendants

21

22  WARNING: This is an official document from the court that affects your rights.  Read this carefully.
23  If you do not understand it, contact a lawyer for help.

24  FROM THE STATE OF ARIZONA TO: <u>HICKMAN'S EGG RANCH</u>
25          STAT AGENT: Bryan F. Myrphy
               702 E. Osborn Rd.
26          #200
               Burch & Cracchiolo
27          Phoenix, Arizona 85014

The Law Offices of David W. Dow                                    Page 1 of 2

SIGNED AND SEALED this date   MAR 29 2013          MICHAEL K. JEANES, CLERK

MICHAEL JEANES, CLERK OF COURT

K. WHITSON

By
Deputy Clerk

If you do not want a judgment or order taken against you without your input, you must file an "*Answer*" or a "*Response*" in writing with the court, and pay the filing fee. If you do not file an "*Answer*" or "*Response*" the other party may be given the relief requested in his/her Petition or Complaint. To file your "*Answer*" or "*Response*" take, or send, the "*Answer*" or "*Response*" to the Office of the Clerk of the Superior Court, 201 West Jefferson Street, Phoenix, Arizona 85003-2205 or Office of the Clerk of the Superior Court, 18380 North 40th Street, Phoenix, Arizona 85032 OR Office of the Clerk of Superior Court,  222 East Javelina Drive, Mesa, Arizona  85210-6201 or
Office of the Clerk of Superior Court, 14264 West Tierra Buena Lane, Surprise, Arizona, 85374.  Mail a copy of your "*Response*" or "*Answer*" to the other party at the address listed on the top of this Summons.

1.   A lawsuit has been filed against you.  A copy of the lawsuit and other court papers are served on you with this "*Summons*".

2.   If you do not want a judgment or order taken against you without your input, you must file an "*Answer*" or a "*Response*" in writing with the court, and pay the filing fee. If you do not file an "*Answer*" or "*Response*" the other party may be given the relief requested in his/her Petition or Complaint. To file your "*Answer*" or "*Response*" take, or send, the "*Answer*" or "*Response*" to the Office of the Clerk of the Superior Court, 201 West Jefferson Street, Phoenix, Arizona 85003-2205 or Office of the Clerk of the Superior Court, 18380 North 40th Street, Phoenix, Arizona 85032 OR Office of the Clerk of Superior Court,  222 East Javelina Drive, Mesa, Arizona  85210-6201 or
Office of the Clerk of Superior Court, 14264 West Tierra Buena Lane, Surprise, Arizona, 85374.  Mail a copy of your "*Response*" or "*Answer*" to the other party at the address listed on the top of this Summons.

3.   If this "*Summons*" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "*Response*" or "*Answer*" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served. If this "*Summons*" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.   You can get a copy of the court papers filed in this case from the Petitioner at the address at the top of this paper, or from the Clerk of the Superior Court's Customer Service Center at 601 West Jackson, Phoenix, Arizona 85003 or at 222 East Javelina Drive, Mesa, Arizona 85210.

5   If this is an action for dissolution (divorce), legal separation or annulment, either or both spouses may file a *Petition for Conciliation* for the purpose of determining whether there is any mutual interest in  preserving the marriage or for Mediation to attempt to settle disputes concerning custody and parenting time issues regarding  minor children.

6.   Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) days before your scheduled court date.

The Law Offices of David W. Dow                                                    Page 2 of 2